CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TANYA WILLIAMS,<br>    Petitioner, | )<br>)<br>) | Civil Action No. 7:06-cv-00539 |
| v. | )<br>) | **MEMORANDUM OPINION** |
| BARBARA J. WHEELER,<br>    Respondent. | )<br>)<br>) | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Tanya Williams brings this 28 U.S.C. § 2254 petition challenging her conviction in the Circuit Court of Allegheny County for second degree murder. This matter is before the court on the respondent's motion to dismiss. The court finds that Williams has procedurally defaulted several of her claims, and that the Supreme Court of Virginia has adjudicated Williams' remaining claims and its adjudication was not contrary to clearly established federal law or based on an unreasonable determination of the facts. Accordingly the court grants the respondent's motion to dismiss.

## I.

A jury found Williams guilty in the Circuit Court of Allegheny County of second degree murder and the court sentenced her to 20 years imprisonment. Williams appealed her conviction to the Court of Appeals of Virginia alleging that the evidence was insufficient to sustain her conviction, and that the trial court erred by denying her motion to exclude the tape of a 911 call made by the victim and by denying her motion to exclude certain photographs. The Court of Appeals of Virginia denied her appeal.[1] Williams then appealed to the Supreme Court of

---

[1] With regard to the first claim, the Court of Appeals found sufficient evidence existed for reasonable jurors to find Williams guilty of second degree murder beyond a reasonable doubt.

-1-

Virginia, which dismissed her appeal for failure to state sufficient assignments of error and denied Williams' petition for rehearing.

In February 2005, Williams filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, claiming: (1) the evidence was insufficient to sustain her conviction for second degree murder because she acted in self-defense; (2) the police failed to explain her rights pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), before questioning her; (3) her counsel rendered ineffective assistance; (4) the trial court erred by denying her motion to strike evidence, denying her motion to exclude a 911 tape, and denying her motion to exclude a variety of autopsy and crime scene photographs; (5) the evidence against her was insufficient because the government "failed to explain how a six-inch deep stabbing wound could be caused by a five-inch knife blade" and "failed to exclude the possibility that the cause of death was he fiance's removal of the knife after she stabbed the victim," and; (6) she was denied the right to appeal through no fault of her own. The court granted her writ of habeas, permitting a late appeal and dismissing her remaining claims without prejudice, subject to her right to file another habeas petition following completion of appellate review. Williams then filed her belated petition for appeal to the Supreme Court of Virginia, which the court denied.

Williams filed her second petition for a writ of habeas corpus in the Supreme Court of Virginia in March 2006, claiming: (1) the evidence was insufficient to sustain her conviction for second degree murder because she acted in self-defense; (2) the police failed to administer

---

The court noted that even though Williams claims she did so in self-defense, she admitted she intentionally stabbed the victim in the chest, made statements in the ambulance and at the hospital that she hoped the victim would die, and said she stabbed the victim because the victim "ran her mouth."

Miranda warnings before questioning her; (3) her attorney was ineffective for not seeking suppression of statements Williams made before police administered Miranda warnings, for failing to properly perfect her appeal, and for failing to argue her allegedly unwarned statements were more prejudicial than probative; (4) the trial court erred by not giving her requested jury instruction regarding self-defense of others, by denying her motion to strike the evidence, by denying her motion to exclude the 911 tape, by denying her motion to exclude a variety of autopsy and crime scene photographs, by denying her motion to exclude statements she alleged she made prior to receiving Miranda warnings, and by invading the province of the jury by commenting on the sufficiency of the evidence, and; (5) the evidence against her was insufficient because the government "failed to explain how a six-inch deep stabbing wound could be caused by a five-inch knife blade" and "failed to exclude the possibility that the cause of death was he fiance's removal of the knife after she stabbed the victim." The Supreme Court of Virginia dismissed Williams' second petition in July 2006.

In her federal habeas petition, Williams has alleged essentially the same claims she raised in her second state habeas petition (referred to as federal claims (a)-(j)). All of Williams' claims are either exhausted because they were raised on direct appeal or in her state habeas petitions and were presented to the Supreme Court of Virginia, or because they are simultaneously exhausted and defaulted. See Teague v. Lane, 489 U.S. 288, 297-99 (1989).

## II.

Williams has raised three ineffective assistance claims (federal claim (c)(1)-(3)) – that she was denied effective assistance of counsel because her attorney failed to seek suppression of statements made before receiving Miranda warnings (federal claim (c)(1)) and exclusion of

-3-

Williams' statements about the victim that were more prejudicial than probative (federal claim (c)(3)), and failed to properly perfect her appeal to the Supreme Court of Virginia (federal claim (c)(2)). Williams' first two claims have been adjudicated by the Supreme Court of Virginia, and her third claim is moot.

The Supreme Court of Virginia adjudicated and rejected Williams' first two ineffective assistance claims on their merits. Citing Strickland v. Washington, 466 U.S. 668, 687 (1984), the court found that Williams' attorney did not perform deficiently by not seeking suppression of statements Williams made before she received Miranda warnings. The court found that Williams' attorney correctly counseled Williams that statements given before receiving Miranda warnings nevertheless could be used for impeachment purposes, and that her attorney made a strategic decision in determining it would be preferable for Williams to explain other statements in context to the jurors rather than to have that testimony elicited on cross-examination for impeachment purposes. The court also determined that Williams' statements to police in which she cursed the victim, stated she hoped the victim died or paid for hurting her and statements discussing how she stabbed the victim, were not unfairly prejudicial and therefore her attorney was not deficient for not making a motion to suppress the statements. Since the Supreme Court of Virginia's adjudication on both claims was not contrary to clearly established federal law or based on an unreasonable determination of the of the facts pursuant to Williams v. Taylor, 529 U.S. 362 (2000), the court dismisses these claims.

Williams' third ineffective assistance claim (federal claim (c)(2)) was raised in both of Williams' habeas petitions in the Supreme Court of Virginia. Since the Supreme Court of Virginia granted Williams a delayed appeal to that same court in her first petition, and because

the court found in her second petition that Williams had been granted a belated appeal and thus had already received the only relief she was entitled to for this claim, this claim is moot.

For these reasons, the court dismisses all three of Williams' ineffective assistance claims.

### III.

The Supreme Court of Virginia found that Williams procedurally defaulted her claims that the trial court erred by not giving her requested jury instruction on self-defense (federal claim (d)), denying her motion to exclude statements she made before receiving Miranda warnings (federal claim (h)), and commenting on the sufficiency of the evidence (federal claim (i)), under Virginia Code § 8.01-654(B)(2) and Dorsey v. Angelone, 261 Va. 601, 604 (2001). Section 8.01-654(B)(2), an independent and adequate state procedural rule,[2] provides that "[n]o writ [of habeas] shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition." Va. Code Ann. § 8.01-654(B)(2). The Supreme Court of Virginia held that the claims were barred and dismissed them since the facts were known but not raised in Williams' first habeas petition. Because Virginia's procedural rule barring consideration of the claims is an adequate and independent state law ground and Williams has not shown cause and prejudice to excuse her procedural default, the court dismisses them. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991).

### IV.

The Supreme Court of Virginia found that under Slayton v. Parrigan, Williams procedurally defaulted her claims that police failed to explain her Miranda rights (federal claim

---

[2] See Clagett v. Angelone, 209 F.2d 370, 379 (4th Cir. 2000) (recognizing § 8.01-654(B)(2) as adequate and independent).

(b)), and that the court erred when it denied her motions to strike evidence (federal claim (e)) and exclude certain autopsy and crime photographs (federal claim (g))[3], and denied her insufficient evidence claim (federal claim (j)), because she failed to raise them at trial and on direct appeal. Slayton v. Parrigan, 215 Va. 27 (1974) (holding that a failure to raise an issue on direct appeal precludes relief on that allegation in a state habeas proceeding and constitutes procedural default). Since Virginia's procedural rule barring consideration of these claims is an adequate and independent state law ground[4] and Williams has not shown cause and prejudice to excuse her procedural default, the court dismisses them.

## V.

Williams raised her claim that the trial court erred by denying her motion to exclude the 911 tape (federal claim (f)) and autopsy and crime scene photographs 3s and 3u (federal claim (g)) in her direct appeal to the Virginia Court of Appeals and the Virginia Supreme Court based upon Virginia law regarding the admission of evidence. The Virginia Court of Appeals limited its analysis and decision to the application of Virginia law and Williams did not assign error to that decision in her petition to the Supreme Court of Virginia. Williams now raises the claims on both state and federal grounds, claiming that the admission of this evidence not only violated Virginia law but also violated her right to a fair trial under the United States Constitution, but

---

[3] Federal claim (g) is procedurally defaulted to the extent that Williams is challenging autopsy or crime scene photographs in addition to photographs "3s" and "3u". Photograph 3s depicts the kitchen area where the victim was found, and 3u is an autopsy photograph. Williams makes references to additional autopsy and crime scene photographs within federal claim (g) but only raised a claim challenging photographs 3s and 3u on direct appeal and to the Supreme Court of Virginia. Therefore, to the extent that Williams is now challenging photographs other than 3s and 3u within federal claim (g), the claim is procedurally defaulted.

[4] See Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000).

Case 7:06-cv-00539-SGW-mfu Document 17 Filed 02/09/07 Page 6 of 8 Pageid#: 437

Williams did not raise this federal ground in either the Court of Appeals or to the Supreme Court of Virginia. Under Va. Code Ann. § 8.01-654(B)(2), an adequate and independent state procedural default rule,[5] since Williams did not properly present the claims to the appropriate state courts,[6] and since Williams has not shown cause and prejudice to excuse her procedural default, the claims are exhausted and procedurally defaulted and the court therefore dismisses them.

## VI.

Williams also claims that the evidence presented at trial was insufficient to sustain her conviction for second degree murder because she acted in self-defense (federal claim (a)). Williams made the same claim on direct appeal and the Court of Appeals denied this claim, and the Supreme Court of Virginia denied review. When adjudicating a claim of insufficient evidence, federal courts must review the record in the light most favorable to the prosecution and deduce whether a rational trier of fact could have found the petitioner guilty beyond a reasonable doubt of the essential elements of the offense. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Conflicts in the evidence are resolved in favor of the prosecution. Id. at 319. Further, the court must give deference to a state appellate court's rejection of an insufficient evidence claim. Id. at 323.

Williams admitted that she intentionally stabbed the victim in the chest, yet claims she

---

[5] See Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 2000) (holding that § 8.01-654(B)(2) is an adequate and independent state procedural default rule).

[6] See Matthews v. Evatt, 105 F.3d 907, 911 (4thc Cir. 1997) (holding that fair presentation requires the petitioner to fairly present the substance of his federal habeas claim to the appropriate state courts).

-7-

Case 7:06-cv-00539-SGW-mfu   Document 17   Filed 02/09/07   Page 7 of 8   Pageid#: 438

did so in self-defense. The record shows that after Williams knocked the victim to the floor, she stabbed the victim. After the stabbing, Williams made statements in the ambulance and at the hospital that she hoped the victim would die, and that she stabbed the victim because the victim "ran her mouth". Although the jury heard testimony from Williams that she acted in self-defense, it was not irrational for the jury to find Williams guilty of second degree murder beyond a reasonable doubt. These facts support the Supreme Court of Virginia's decision to deny review, and that decision was not contrary to clearly established federal law or based on an unreasonable determination of the facts. Accordingly, the court dismisses this claim.

## VII.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Williams' § 2254 petition.

ENTER: This 9th day of February, 2007.

United States District Judge